THE UNION BANK OF ROCHESTER *vs.* JAMES H. GREGORY, impleaded, &c.

The mere fact that a promissory note, payable in the city of New York, is made and discounted in the country, and a portion or the whole of the proceeds paid to the borrower in a draft upon the city, at the usual price or charge for city drafts, does not render such notes usurious.

Perhaps the note might be held to be usurious if both the place of payment thereof and the purchase of the draft were made the condition of the loan. *Per* JOHNSON, J.

But where nothing of that kind is shown, and for aught that appears in the finding of facts, the borrower desired a draft on the city for his own convenience, if the fact was otherwise, it is for the defendant alleging the usury to prove it.

Union Bank of Rochester *v.* Gregory.

A notarial certificate of presentment, protest for non-payment, and notice thereof, is properly received as presumptive evidence of the facts stated therein, where the defendant does not by his answer deny the fact of having received notice, but on the contrary he admits that he received notice, though not until nearly a month after the note fell due.

The statute making such certificate presumptive evidence of the facts contained therein, unless the defendant shall annex to his plea an affidavit denying the receipt of notice, (3 *R. S. 5th ed.* 283, § 35,) only applies where no notice has been received at any time.

Whether the verification of an answer can be made to fulfill the statute requirement of an affidavit of denial annexed to the pleading? *Quære.*

ACTION upon a promissory note made by John M. Winslow and indorsed by the defendant Gregory, of which the following is a copy :

"$450.00.                    *Rochester, December* 7, 1864,

Three months after date, I promise to pay to the order of James H. Gregory, Esq. four hundred and fifty dollars, at the Albany City Bank, value received.

(Signed,)      J. M. WINSLOW."

The complaint alleged the indorsement of the note by the defendant Gregory, and the transfer and delivery thereof to the plaintiff, who is now the holder and owner ; the due presentment thereof and demand of payment, at the Albany City Bank, by a notary public ; refusal of payment, and protest for non-payment.

The answer of the defendant Gregory alleged that he had no knowledge or information sufficient to form a belief that the promissory note set forth in the complaint was duly or at all protested, or that he had due or any notice of the presentment, demand, non-payment or protest thereof, prior to the 5th day of April, 1865; and he further alleged that although said promissory note was due and payable on the 10th day of March, 1865, no notice of presentment, demand, non-payment or protest thereof was at all received by said defendant until on or about the 5th day of April, aforesaid. And for a second defense, the said defendant alleged that

when said note was presented to the bank for discount, it was corruptly and usuriously agreed by and between the plaintiff and the defendant Winslow, that as a condition for the discounting of the same, and to enable the plaintiff to have and receive for the money so loaned by said plaintiff to the defendants, and for the use and forbearance thereof, more than seven per cent per annum for the time the said note had to run, that said note should be made payable in Albany, and that the defendants should receive for the said note a draft on Albany, for the face of said note, less the simple interest thereon, and should pay for the said draft one half of one per cent on the amount thereof, thus enabling the plaintiff to realize and have for the loan and forbearance of said money, a sum larger than at and after the rate of seven per cent per annum; and in pursuance of said corrupt and usurious agreement, the defendants did pay for the said draft the said one half of one per cent on the amount thereof, and in fact received as the avails of the discounting of the said note the amount of $416.25, and no more, thus paying or agreeing to pay $2.25 more than the lawful interest for the money so loaned, as aforesaid; that the said money, as the plaintiff well knew, was to be used in the defendants' business at Rochester, and that the said draft was not purchased or received at the instance or request of the defendants, but at the requirement of the plaintiff, and so the said promissory note was usurious and void.

A trial by jury having been waived by the parties, the action was tried before a Justice of this court, at the Monroe circuit in October, 1865. The said Justice found, as matter of fact, that on or about December 7, 1864, one John M. Winslow made his note, described in the complaint; that the note was indorsed by the defendant Gregory, and presented by the said Winslow to the plaintiff for discount; that the note was discounted by the cashier of the plaintiff, by deducting therefrom the legal interest for the time the note had to run; that after the note was discounted, the

cashier stated to Winslow that he could not give him the currency; that Winslow then proposed to take a draft on New York for $400, for part of the amount, and currency for the balance; that this was assented to by the cashier, and a draft on New York given for $400, for which Winslow was charged the sum of two dollars, that being the rate of exchange on New York at that time, and currency was given for the balance of the discount; that when the said note matured it was duly presented for payment, and payment demanded and refused; and that the same was duly protested, and due notice of such presentment, demand, non-payment and protest given to the defendant Gregory.

As a conclusion of law, the Justice found and decided that the plaintiff was entitled to judgment against the defendant Gregory for the amount of said note, with interest, and expenses of protest.

On the trial, the plaintiff offered in evidence the certificate of a notary public, which averred the presentment of the note for payment, at the Albany City Bank, where the same was payable, and demand and refusal of payment, on the 10th day of March, 1865, and that on the same day, the notary put into the post office at Albany notices of protest directed to the defendant Gregory, and G. E. Jennings, cashier, at Rochester, that being their reputed place of residence, and the post office nearest thereto; the postages being prepaid. The defendant's counsel objected to the admission of the certificate in evidence, on the ground that where an affidavit is annexed to the answer, denying the receipt of the notice of protest, (as is the case here,) the certificate is not the proper evidence that notice of protest, demand and non-payment has been given. The court overruled the objection, and received the certificate, and the defendant's counsel excepted.

Judgment being entered, upon the Judge's finding of facts, the defendant Gregory appealed to the general term.

*H. & G. H. Humphrey,* for the appellant

*G. E. Mumford,* for the respondent.

*By the Court,* JOHNSON, J.   It seems to be well settled, by several decisions in the Court of Appeals, that the mere fact that a note has been discounted in the country, made payable in the city of New York, and a portion or the whole of the proceeds paid to the borrower in a draft upon the city, at the usual price or charge for city drafts, does not render such note usurious. (*Marvine* v. *Hymers,* 12 *N. Y. Rep.* 225. *Oliver Lee & Co.'s Bank* v. *Walbridge,* 19 *id.* 134. *International Bank* v. *Bradley, Id.* 245.)   Perhaps it might be held to be so, if both the place of the payment of the note and the purchase of the draft were made the condition of the loan.   But nothing of that kind appears here, even conceding that the note was not in fact discounted until the borrower had received the avails.   For aught that appears in the finding of facts, the borrower desired the drafts for his own convenience.   If the fact was otherwise it was for the defendant alleging the usury to prove it, and have the fact inserted in the finding of facts.   But, upon looking into the evidence, it does not appear that any such condition was imposed beforehand, or at least it does not so clearly appear as to warrant the court in interfering on the ground that such fact is not found.

The notarial certificate was properly received in evidence. The defendant does not deny the fact of having received notice of the non-payment of the note.   On the contrary, his answer admits that it was received, though not until the 5th of April, after the note fell due.   It may have been made on the right day and duly forwarded; and nothing is alleged in the answer to the contrary.   The statute only applies where no notice has been received at any time.   Such is its plain language and obvious intent.   (*Sess. Laws of* 1833, *ch.* 271, § 8.)   It is unnecessary, therefore, to deter-

mine whether the verification of the pleading can be made to fulfill the statute requirement of an affidavit of denial annexed to the pleading. The judgment must, therefore, be affirmed.

[MONROE GENERAL TERM, June 4, 1866. *Welles, E. Darwin Smith* and *Johnson*, Justices.]